IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE AGUSTIN VILLAGOMEZ-SAUCEDO

       Petitioner,

v.                                                                     No. CIV 12-204 BB/GBW

UNITED STATES OF AMERICA,

       Respondent.

**ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL**

**THIS MATTER** comes before the Court on Plaintiff's Motion For Appointment Of Counsel ("Motion"). *Doc. 6.* Having reviewed the Motion, the Court finds that it should be denied.

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: (1) "the merits of the litigant's claims," (2) "the nature of the factual issues raised in the claims," (3) the litigant's ability to present his claims," and (4) "the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d

994, 996 (10th Cir. 1991)). Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In considering Plaintiff's motion for the appointment of counsel, the Court has carefully reviewed the Motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors. The Court finds that none of the factors that inform a court's decision as to whether or not it should appoint counsel weighs in Petitioner's favor.

Other than his own assertions, Petitioner has offered no evidence that his claims have merit, and his assertions fail to persuade the Court. The nature of the factual issues raised in his claims is relatively simple—he asserts that his counsel misled and coerced him into pleading guilty. *Doc. 1* at 10. Petitioner has done nothing to show that he is unusually deficient in his ability to present his claims. Finally, at this point in the case, it would be premature to conclude that Petitioner's claims raise legal issues that are unusually complex. For these reasons, the Court will deny Petitioner's Motion to Appoint Counsel.

Therefore, **IT IS HEREBY ORDERED** that Petitioner's Motion, *doc. 6*, is **DENIED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE