## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOSE AGUSTIN VILLAGOMEZ-SAUCEDO,

      Petitioner,

v.                                              Civ. 12-204 BB/GBW

UNITED STATES OF AMERICA,

      Respondent.

### PROPOSED FINDINGS & RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. *Doc. 1.* In his motion, Petitioner raises numerous claims. *Id.* All but one of his claims are meritless and I recommend their dismissal. With respect to the remaining claim, I conclude that it requires a limited evidentiary hearing. If these recommendations are adopted, I will order counsel to be appointed for Petitioner with respect to that issue and schedule such a hearing.

### *Background*

Petitioner Jose Agustin Villagomez-Saucedo ("Petitioner") was arrested on April 27, 2010. *See United States v. Villagomez-Saucedo*, 1:10-cr-1559-BB [(hereinafter *Underlying Case*, *doc. 1.* In a superseding indictment, filed on August 25, 2010, Petitioner was charged with: (1) Re-entry of a Removed Alien, a violation of 8 U.S.C. §§ 1326(a) and

(b); (2) Illegal Alien in Possession of a Firearm and Ammunition, a violation of 18 U.S.C.

§ 922(g)(5)(A); and (3) Felon in Possession of a Firearm and Ammunition, 18 U.S.C.

§§ 922(g)(1) and 924(a)(2).  *Underlying Case, doc. 31.*  In the ensuing weeks, Petitioner's

counsel participated in pre-trial motion practice in preparation for Petitioner's trial date.

*See, e.g., Underlying Case, docs. 35, 36, 41.*  The Court scheduled Petitioner's case to be

tried on September 29, 2010.  *Underlying Case, doc. 29.*

On September 29, 2010, a jury was impaneled and Petitioner's trial was slated to

begin.  *See Underlying Case, doc. 65 at 7* (noting that a jury was already set to hear trial).

Before the proceedings commenced, however, Petitioner opted to change his plea to

guilty on all counts.  *See generally Underlying Case, docs. 53, 65.*  Petitioner's guilty plea

was not entered pursuant to a plea agreement.  *See Underlying Case, doc. 65 at 3.*

At Petitioner's change of plea hearing, the Court engaged in an extended

colloquy with Petitioner regarding his decision to plead guilty and the rights waived

and risks presented in such a decision.  *See generally id.*  At the end of that hearing, the

Court found that Petitioner's change of plea was "free and voluntary" and that

Petitioner "fully underst[ood] the charges and potential penalties."  *Id.* at 12.  As such,

the Court accepted the guilty plea and indicated that a judgment finding Petitioner

guilty would issue.  *See id.* at 11-12.  At the close of that hearing, the Court explained to

Petitioner that he "ha[d] the right . . . within 14 days of the entry of judgment, … to

appeal the final sentence." *Id.* at 6.  Judgment was entered on March 2, 2011.

*Underlying Case, doc. 59.*  No notice of appeal was filed.

On February 27, 2012, Petitioner filed a motion to vacate his sentence pursuant to

28 U.S.C. § 2255.  *Villagomez-Saucedo v. United States*, 1:12-cv-204-BB-GBW [hereinafter

*Instant Case*], *doc. 1.*  The motion was referred to me "to conduct hearings, if warranted,

including evidentiary hearings, and to perform any legal analysis required to

recommend to the Court an ultimate disposition of the case."  *Doc. 5.*  The motion is

fully briefed.

### *Analysis of Meritless Claims*

All of Petitioner's claims are allegations that his trial counsel provided him

ineffective assistance of counsel.  These allegations fall into four categories: (1) his

attorney forced him to plead guilty by coercion or false promises; (2) his guilty plea was

uninformed due to his attorney's failure to properly advise him; (3) his attorney failed

to fully contest the charges; and (4) his attorney failed to file an appeal despite

Petitioner's instructions to do so.  The claims which fall into the first three categories are

meritless and are analyzed here.[1]  The single claim in the fourth category will be

discussed in the following section.

---

[1] Excluding the limited evidentiary hearing wherein Petitioner will be appointed counsel, Petitioner pursues this matter *pro se*.  As such, the Court liberally construes each of his filings; the Court does not, however, adopt the role of advocate.  *United States v. Viera*, 674 F.3d 1214, 1216 n. 1 (10th Cir. 2012).

*General Rules for 28 U.S.C. § 2255*

Pursuant to 28 U.S.C. § 2255, an individual sentenced to prison by a federal court who "claim[s] the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a). In general, the reviewing court presumes that the proceedings which led to a petitioner's conviction were correct.  *See Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989).  Fundamentally, to prevail in an action brought under section 2255, a petitioner must show a defect in the proceedings which resulted in "a complete miscarriage of justice."  *Davis v. United States*, 417 U.S. 333, 346 (1974).  The burden is on the petitioner to allege facts that, if proven, would entitle him to relief.  *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995).  To meet that burden, a petitioner's "allegations must be specific and particularized, not general or conclusory."  *Id.*

Where a section 2255 petitioner asserts a basis for relief that the Court cannot definitively rule on from the filings and record, the Court must grant an evidentiary hearing.  28 U.S.C. § 2255(b).  "[T]here is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required."  *Swazo v. Wyo. Dep't of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994).  "If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who

qualifies to have counsel appointed under 18 U.S.C. § 3006A."  Rules Governing Section

2255 Cases in the U.S. District Courts 8(c).

*Overarching Law of Ineffective Assistance of Counsel*

The Sixth Amendment to the United States Constitution provides that, "[i]n all

criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of

counsel for his defense."  U.S. Const. amend. VI.  In order to meet the Sixth

Amendment's requirement of representation, an attorney for an accused must provide

"reasonably effective assistance."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To

establish ineffective assistance of counsel, a petitioner must show both that (1) his

counsel's performance was unconstitutionally deficient, and that (2) the deficient

performance prejudiced the defense.  *Id.*  An ineffective assistance of counsel claim fails

if either of the prongs is not met.  *Id.* at 697.  As such, the Court "need not address the

*Strickland* prongs sequentially."  *Richie v. Mullin*, 417 F.3d 1117, 1120 (10th Cir. 2005).

Effectiveness of counsel is required at all "critical stages that are part of the

whole course of a criminal proceeding, a proceeding in which defendants cannot be

presumed to make critical decisions without counsel's advice."  *Lafler v. Cooper*, 132 S.

Ct. 1376, 1385 (2012).  In fact, "*Strickland, supra,* ordinarily applies to claims of

ineffectiveness of counsel at the plea hearing stage."  *Wright v. Van Patten*, 552 U.S. 120,

124 (2008).

*Coercion / False Promises*

Three of Petitioner's claims fall into this category.  First, Petitioner contends that his counsel coerced him into pleading guilty "based on a threat that if he did not plead guilty to the gun, Barbara R. Juavez would be prosecuted in the State for child endangerment." *Instant Case, doc. 1* at 9.  Second, Petitioner contends that "Defense Counsel by way of cajolery, coersed [sic] his client into waivering [sic] his Fifth and Sixth Amendment Right[s] . . . causing him to suffer from a mental state of helplessness, giving up all hope submitting to Counsel's pressure to enter a plea of Guilt . . . ." *Id.* at 11.  Third, Petitioner contends that counsel informed him that "if he plead guilty, he would receive 3 points for accepting responsibility." *Id*. at 12.  Each of these claims is refuted by the record.

Entry of a guilty plea "is an event of signal significance in a criminal proceeding." *Florida v. Nixon*, 543 U.S. 175, 187 (2004).  As such, the ultimate decision of whether to enter a guilty plea rests solely with the accused.  *See id.* at 187-88 (noting limitations on counsel's authority and that mere acquiescence is insufficient).  "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citations omitted).  "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon advice of counsel, the voluntariness of the plea depends on

whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (internal quotation omitted).  When reviewing a prior guilty plea, the Court does not second guess the veracity of a defendant's statements in open court at the time of the plea.  *See United States v. Estrada*, 849 F.2d 1304, 1306 (10th Cir. 1988) ("A defendant's statements at a plea hearing should be regarded as conclusive . . . in the absence of a believable, valid reason justifying departure from the apparent truth of those statements." (internal quotation omitted)).

Petitioner's assertions described above are belied by the transcript of his plea hearing.  Before accepting Petitioner's plea, the Court engaged in an extended colloquy with Petitioner.  *See Underlying Case, doc. 65* at 4-11.  At the outset, the Court explained to Petitioner that it would need to ask several questions of Petitioner "to make sure [he was] entering this plea voluntarily and with an understanding of the consequences." *Id.* at 4.  Petitioner was then placed under oath.  *Id.*

The Court specifically asked Petitioner if he was "satisfied with the legal representation [he had] received[.]" *Id.* at 6.  Petitioner indicated that he was satisfied. *Id.*  Later, Petitioner was asked whether he had been threatened or forced to plead guilty to which he replied in the negative.  *Id.* at 8.  Likewise, Petitioner was asked whether "anyone made any promises to [him.]" *Id.*  Again, Petitioner answered in the negative.  *Id.*

While Petitioner's motion contradicts these statements, he provides no

explanation for why his statements given under oath should be disregarded.  Because

Petitioner offers no reason to disregard his sworn testimony – let alone a "believable,

valid reason" – his testimony at the plea hearing is conclusive.  Thus, Petitioner's

allegations of coercion and false promises should be denied.[2]

**Uninformed or Misled**

Under this category, the Court places three of Petitioner's claims.  First,

he contends that his counsel neglected to advise him that, under the facts of the case,

Petitioner was actually innocent of the charges.  Second, he broadly states that he was

not "properly advised of his rights," and if he had been, "petitioner would have

without a doubt proceeded to Trial …"  *Id*. at 11.  Similarly, Petitioner claims that

counsel "misled [Petitioner] to his detriment . . .."  *Id*. at 12.  None of these claims merit

relief.

Petitioner's claim that his counsel knew he was innocent yet failed to tell him so

is based upon a misunderstanding of the law.  Petitioner points to the fact that "the

material evidence showed without a doubt that Barbara R. Juarez purchased the gun 3

day[s] before petitioner's arrest, passing a background check by the F.B.I."  *Id*. at 10.

While he does not elaborate, Petitioner apparently believes that, if he did not purchase

the firearm, he could not be guilty of two of the counts -- illegal alien in possession of a

---

[2] The undersigned also notes that threats of prosecution of a third party are not *per se* unconstitutional.
*See United States v. Wright*, 43 F.3d 491, 498-99 (10th Cir. 1994) (discussing requirements when plea
agreements include lenity or lack thereof towards other).

firearm and felon in possession of a firearm -- to which he pled guilty.  Count Two

possessing the gun.  *See id.*  Petitioner is mistaken.

Under 18 U.S.C. § 922(g), the government need not prove ownership (let alone

purchase) of the firearm  --  only possession.  *See United States v. Main*, 33 F.3d 1222,

1228 (10th Cir. 1994).  Because the fact that another person purchased the firearm would

not make Petitioner innocent of the crimes to which he pled guilty, his counsel was not

ineffective for not advising him that it would.  Thus, I recommend that this basis for

relief be rejected.

Next, Petitioner contends that he was misinformed about his rights and, as a

result, pled guilty where he would otherwise have proceeded to trial.  *Instant Case, doc.*

*1* at 11.  Petitioner does not identify the right of which he was not advised nor why such

would have changed his mind.  Thus, I would recommend the denial of relief on this

claim.  Moreover, on my own review of the record, I find that Petitioner was fully

advised of his "rights."  Petitioner was first advised of his rights by the Court at his

initial presentment on April 29, 2010.  *See Underlying Case doc. 9*.  More significantly,

Petitioner was presented with an extensive recitation of his rights – and acknowledged

each – before the Court allowed him to plead guilty on this matter.  *See Underlying Case,*

*doc. 65* at 4-11.  Specifically, the following exchange occurred:

> THE COURT: . . . Do you understand that you have the right to go to trial
> in each of the[] charges?  Indeed, we have a jury waiting at the trial.
> You'd be entitled to have an attorney.  Your attorney could call witnesses
> to come in and represent your side of the story, and he could also

question any witnesses the government called.

At the trial, you could not be compelled to incriminate yourself. So if you took a [sic] witness stand, you'd have to do that voluntarily.

THE DEFENDANT: Yes, I do.

THE COURT: All right. If you plead guilty, you will, of course, be giving up your right to a trial and these other rights. Do you understand that?

THE DEFENDANT: Yes, I do.

THE COURT: Are you willing to give up your right to a trial?

THE DEFENDANT: Yes, I waive my rights.

*Id.* at 7.

In light of the above, it cannot be said that Petitioner – even if his counsel had been entirely silent as to his rights – was not apprised of his rights before pleading guilty. Thus, even if the Court found that the first *Strickland* prong was met by counsel's failure to inform Petitioner of his rights, Petitioner cannot establish prejudice given the Court's extensive advice regarding his rights. As such, I recommend rejecting this ground for relief.

Finally, Petitioner contends that trial counsel "misle[d Petitioner] to his detriment . . . ." *Instant Case, doc. 1* at 12. To the extent that this statement is meant as an independent claim of ineffective assistance, it is entirely conclusory and without basis. Thus, I recommend denial of relief on this ground.

10

*Failure to Fully Contest*

The Court places two of Petitioner's claims in this category.  Petitioner objects to counsel's failure to discover that the firearms statute under which he was convicted is an unconstitutional *ex post facto* law.  Next, Petitioner points to his counsel's failure to seek a three-point, rather than just two-point, reduction for acceptance of responsibility.[3]

Plaintiff's *ex post facto* argument is rooted in the requirement that the prosecution prove that the firearm traveled in interstate commerce.  Given this requirement, Plaintiff contends, the statute improperly punishes conduct *ex post facto* if the firearm moved in interstate commerce before the law was enacted.  *See Instant Case, doc 11* at 1-2.  Plaintiff's argument fails for two reasons.  First, Plaintiff does not allege that the firearm he possessed in fact traveled in interstate commerce only before the enactment of the Gun Control Act of 1968.  *See*  Omnibus Crime Control and Safe Streets Act of 1968, Pub. L. No. 90-351, § 922, 82 Stat. 197, 228-31 (1968) (prior to amendments).  Without such a good faith assertion, Plaintiff cannot make a claim that the law was unconstitutionally applied to him.  Therefore, counsel's failure to raise the issue could

---

[3]  The Petition contains several general and conclusory allegations.  Typical of such allegations is Petitioner's claim that counsel "failed to investigate and file the proper motions to prepare for trial." *Instant Case, doc. 1* at 10.  While it does not merit much discussion, the undersigned also notes a possible claim to which Petitioner may be referring.  While not mentioned in Petitioner's filings, it arises in his trial counsel's affidavit.  *Instant Case, doc. 9*, Ex. 1.  Trial counsel explains that Petitioner believed that, pursuant to the Uniform Commercial Code, the District Court lacked jurisdiction over him.  *Id*.  Because the Uniform Commercial Code is wholly unrelated to issue of jurisdiction in criminal matters, Petitioner's counsel was entirely reasonable for refusing to make arguments pertaining to it.

not be ineffective.

More problematically, even assuming the necessary facts, Plaintiff's argument is meritless. "The mere fact the firearm a felon possesses traveled in interstate commerce prior to the law's enactment does not make a defendant's conviction unconstitutional. The 'in or affecting commerce' language, only 'describes what *kind* of gun felons may not possess' and provides the necessary jurisdictional basis for the federal law." *United States v. Hill*, 200 Fed. Appx. 783, 786 (10th Cir. 2006) (emphasis in original) (citations omitted). Thus, as long as Plaintiff's possession of the firearm was subsequent to the enactment of the law, no *ex post facto* violation has occurred. Plaintiff does not, and cannot,[4] assert that his possession was subsequent to the law's enactment. Therefore, counsel's failure to raise this meritless issue was not ineffective.

Plaintiff next contends that his trial counsel was ineffective for failing to argue for the full three-level reduction in his offense category for acceptance of responsibility. *Instant Case, doc. 1* at 11-12. Under the United States Sentencing Guidelines, a recommended sentence is reached by calculating an offender's offense level, making certain adjustments where proper, and by then comparing that adjusted offense level to the offender's criminal history category. U.S. Sentencing Guidelines Manual § 1B1.1 (2011). One available adjustment is that of "Acceptance of Responsibility." *Id.* § 3E1.1. Under the guidelines, if the Court finds that "the defendant clearly demonstrates

---

[4] Plaintiff was born in 1980. *See Ex. 1* (Page 1 of Presentence Report with certain personal data redacted. Remaining pages are not relevant and are excluded for privacy reasons.).

acceptance of responsibility for his offense" the offender receives a two-level reduction in their offense level. *Id.* § 3E1.1(a). An additional one-level reduction is available:

> If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level **16** or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently . . . .

*Id.* § 3E1.1(b). Although the Sentencing Guidelines are purely advisory, miscalculation of a guideline range constitutes error necessitating resentencing. *See United States v. Verdin-Garcia*, 516 F.3d 884, 895 (10th Cir. 2008) (discussing procedural reasonableness which requires, *inter alia*, proper calculation). By the clear wording of the guideline, Plaintiff's counsel was not ineffective despite opting not to ask for the additional level departure.

It is undisputed that Plaintiff waited until beyond the eleventh hour before reaching his decision to plead guilty. At the time that Plaintiff entered his guilty plea, a jury had already been empanelled and the case was to be tried the same day. *See Underlying Case, doc. 65* at 7 (noting that a jury was prepared to hear the case). As such, the United States had already expended the resources involved in pre-trial motion practice, preparation for trial, and jury selection. *See, e.g., Underlying Case, docs. 27, 38* (motions in limine). Given that the Government had already been required to perform every part of trying the case except the trial itself, the facts seemed to preclude giving

Petitioner the additional point reduction.  Thus, it can hardly be said that trial counsel's failure to seek that additional point was constitutionally ineffective.

Of course, even if the additional point was unlikely, one could argue that trial counsel should have still requested it.  However, his decision not to even make the request appears to be a strategic decision – a wise one, in fact.  The government vigorously objected to Petitioner receiving even the baseline two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).  *Underlying Case, doc. 55; id., doc. 73* at 2-3.  The Court found the government's argument persuasive.  *Id.* at 4.  Probably correctly, trial counsel calculated that asking for the third point might risk losing his credibility and the argument on the first two points. *Id., doc. 57*.  Such a strategic choice, even if one disagrees with it in hindsight, is not constitutionally ineffective.  *See Strickland*, 466 U.S. at 689.

Finally, Petitioner cannot show prejudice because it is apparent that the Court would not have imposed a lesser sentence had counsel made the argument. Significantly, the District Judge only grudgingly granted Petitioner the two-level reduction for acceptance of responsibility.  *Underlying Case, doc. 73* at 4-5.  Moreover, he sentenced Petitioner at the high end of the resulting guideline.[5]  *Id*.  These two facts are strong evidence that the judge would not have granted the third point for acceptance of

---

[5] Petitioner's guideline imprisonment range was 57 to 71 months after the two-level reduction for acceptance of responsibility.  *Underlying Case, doc. 73* at 5.  He was sentenced to 68 months of incarceration.  *Id*.

responsibility even if counsel had argued for it.

### *Claim Requiring Hearing*

Petitioner's remaining claim is that his attorney failed to file an appeal despite Petitioner's instructions to do so.  Where a petitioner's trial counsel neglects to file an appeal despite petitioner's requests otherwise, trial counsel is *per se* ineffective.  *See Clayton v. Ward*, 341 Fed. App'x 421, 423 (10th Cir. 2009) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)) ("[C]ounsel's failure to file an appeal when the client has requested he do so constitutes deficient and prejudicial performance under *Strickland* . . . .").  This *per se* ineffectiveness rule applies even where all alleged bases for appeal in a 2255 petition are meritless.  *See United States v. Snitz*, 342 F.3d 1154, 1156-58 (10th Cir. 2003) (rejecting district court holding that frivolous arguments negated presumed prejudice in failing to file appeal).  The remedy for failure to file an appeal as requested by a petitioner is resentencing and reopening of the time for appeal.  *See Rodriquez v. United States*, 395 U.S. 327, 332 (1969) (remanding case for resentencing to allow perfection of appeal).

In support of his instant motion, Petitioner attaches a properly notarized affidavit alleging certain facts.  *See generally Instant Case, doc. 3.*  Petitioner avers in his affidavit that "after sentencing[,] he requested his Counsel to file an appeal."  *Id.* ¶ 17. He likewise proffers that he was repeatedly relocated in the weeks following his

sentencing thus preventing him from being able to contact trial counsel.  *See id.* ¶¶ 9-15, 17.

Respondent has produced an affidavit from Petitioner's trial counsel.  Therein, counsel asserts, *inter alia*, that Petitioner "never requested that I appeal his convictions or sentence."  *Instant Case, doc. 9* Ex. 1 ¶ 15.  Moreover, counsel contends that, "[a]lthough [he] do[es] not believe [Petitioner] had any meritorious appellate issues, had [Petitioner] requested that [counsel] file a notice of appeal, [counsel] would have done so."  *Id.*

Because Petitioner and trial counsel have offered directly contradictory affidavits regarding whether Petitioner requested that trial counsel file an appeal on his behalf, the Court cannot resolve the motion as to this issue at present.  I conclude that a limited evidentiary hearing is required.  Upon resolution of my recommendations herein, I will order counsel to be appointed for Petitioner with respect to this issue and schedule such a hearing.

*Conclusion*

With the exception of Petitioner's claims regarding the filing of an appeal, I find

his claims meritless and recommend their dismissal.[6]  On the sole issue of the filing of

the appeal, I recommend conducting an evidentiary hearing for which Petitioner will

have counsel appointed.

_____

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF
> SERVICE** of a copy of these Proposed Findings and Recommended Disposition they
> may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §
> 636(b)(1).  **A party must file any objections with the Clerk of the District Court within
> the fourteen-day period if that party wants to have appellate review of the proposed
> findings and recommended disposition.  If no objections are filed, no appellate
> review will be allowed.**

---

[6] Petitioner has also filed a motion asking the Court to order his trial counsel to show cause for alleged
failure to meet counsel's constitutional duties.  *See Instant Case, doc. 7.*  Because this proceeding concerns
only the validity of Petitioner's conviction and not punishment of his trial counsel, the Motion is
DENIED.